IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WOODWARD MEDIA GROUP LLC,<br>A Michigan Limited Liability Company, and<br>Robert W. Alcott an Individual<br><br>        Plaintiffs,<br><br>v.<br><br>WOODWARD SPORTS NETWORK LLC<br>a Michigan Limited Liability Company<br><br>        Defendant. | Case No.:<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Woodward Media Group and Robert Alcott, (collectively "Plaintiffs") by and through The Law Offices of Jeffrey S. Sherbow P.C. for their Complaint against Woodward Sports Network LLC (hereinafter "Defendant"), alleges as follows:

### PARTIES

1. Plaintiff Woodward Media Group LLC. ("Woodward Media Group") is a corporation organized under the laws of Michigan with its principal place of business at 2446 Orchard Lake Road, Sylvan Lake, MI 48320.

2. Plaintiff Robert W Alcott is a professional photographer in the business of licensing his photographs to businesses for a fee, having a usual place of business

–1–

at 2446 Orchard Lake Road, Sylvan Lake, MI 48320.

3. On information and belief, Woodward Sports Network, LLC is a corporation duly organized and existing under the laws of Michigan, with a place of business at 34915 Woodward Ave, Birmingham, MI, 48009.

## JURISDICTION AND VENUE

4. This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action raises federal questions arising under the laws of the United States (copyright infringement) and pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*

5. Defendant, Woodward Sports Network is subject to personal jurisdiction in this Court because it is a resident of the State of Michigan and/or purposefully aimed its activities and business at the State of Michigan from which the claims asserted in this Complaint arise.

6. This Court has personal jurisdiction over the Defendant because the Defendant has conducted business in, and has had continuous and systematic contacts with the State of Michigan and this District.

7. This court has personal jurisdiction over Defendant because Defendant, upon information and belief, continuously and systematically reside and/or conduct business in Michigan.

8. Venue is proper in this District under 28 U.S.C. § 1391 (b) because, upon information and belief, Defendant resides and/or systematically and continuously conduct business in this District.

## FACTUAL BACKGROUND

9. Plaintiff Alcott is a professional photographer that photographed "Detroit Dans Le Bleu" (the "Photograph")

10. Plaintiff Alcott is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. Plaintiff Woodward Media Group is the exclusive licensee of the photographic image that is the subject of this action. Alcott is the sole owner of Woodward Media Group. Among the rights granted to Woodward Media Group is the exclusive right to market and sublicense the right to copy, reproduce and display the image. Additionally, Woodward Media Group is granted the exclusive right to make and control claims related to infringements of copyrights in the image. A copy of the copyright U.S. Certificate of Registration VA 1-867-132 (dated March 23, 2013). Attached as **Exhibit A** is a true and correct copy of the Certificate of Registration.

12. In or about June of 2022, Woodward Media Group identified a

–3–

photographic image that looked identical to Woodward Media Group's copyrighted photograph that had been reproduced, displayed, and distributed on Woodward Sport's website www.woodwardsports.com.

13. The Defendant, in willful disregard of the rights of Woodward Media Group and Alcott, displayed Woodward Medial Group's copyrighted photograph without a license from Plaintiffs nor permission.

14. Plaintiffs' Woodward Media Group and Alcott bring this action to recover damages for the harm they have sustained, and for such further relief as sought herein.

15. Defendant did not license the Photograph Image from Plaintiffs for the above listed use, nor did Defendant have Plaintiffs' permission or consent to publish the Photograph as described above. A true and correct copy of Defendant's infringing use is attached hereto as **Exhibit B**.

## COUNT I
### (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501, *et seq.*)

16. Plaintiffs repeat and incorporate by this reference each and every allegation set forth in paragraphs 1 through 17.

17. Plaintiffs have complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et seq.,* and all other laws governing copyright to

secure the exclusive rights and privileges in and to the copyrights of the photographic work identified herein.

18. Woodward Media Group and Alcott are the exclusive owner and/or licensee of the photographic image that is the subject of this action. Among other rights Plaintiffs have the exclusive right to market and sublicense the right to copy, reproduce and display the image. Additionally, Woodward Media Group and Alcott have the exclusive right to make and control claims related to infringements of copyrights in the image. A copy of the copyright Certificate of Registration VA 1-867-132 (dated March 23, 2013) issued by the United States Copyright Office, for the subject image, is attached as **Exhibit A**, and a true and accurate copy of the deposit material for Registration Number VA 1-867-132 is attached hereto as **Exhibit C**.

19. Defendants through their agent(s), vendor(s), officer(s), and/or employee(s), have reproduced, displayed, distributed and made other infringing uses of the protected image, without authorization by Alcott or Woodward Media Group.

20. As a result of their conduct, Defendant is liable to Plaintiffs for copyright infringement.

21. Upon information and belief, the foregoing acts of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and

indifference to Plaintiffs' rights.

22. As a direct and proximate cause of the infringement by the Defendant of the Plaintiff's copyright and exclusive rights under copyright, Plaintiffs are entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

23. Plaintiffs are further entitled to recover from the Defendant the damages they have sustained and will sustain, and any gains, profits and advantages obtained by the Defendant as a result of the Defendant's willful acts of infringement alleged in this Complaint, or in the alterative statutory damages, as well as attorneys fees, and including, but not limited to such damages and awards as are available under 17 U.S.C.§§ 504-505.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiffs' request that this Court enter a judgment in favor of Plaintiffs and against Defendants as follows:

a. Declaring that Defendant has infringed Plaintiffs copyrights in the photograph in violation of 17 U.S.C. §§ 106 and 501;

b. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of their unlawful conduct.

c. Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendant from using any substantial part or whole of Plaintiffs Photograph.

d. Awarding Plaintiffs: (1) Defendant's profits realized as a result of the copyright infringement, or in the Courts discretion, such sum as the Court finds just; (2) damages sustained by Plaintiff; (3) reasonable attorneys fees; and (4) the costs of this action.

e. Award Plaintiffs their action or statutory damages suffered as a result of Defendant's acts of copyright infringement.

f. Awarding Plaintiffs statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504-505.

g. Awarding Plaintiffs prejudgment and post-judgment interest on any monetary award in this action.

h. Awarding Plaintiffs such other and further relief this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance

with Federal Rule of Civil Procedure 38 (b).

Dated: March 16, 2023                    Respectfully submitted,

By: /s/ Matthew S. Wood
    Matthew S. Wood (P-74329)
    Jeffrey S. Sherbow (P-25324)
    Law Offices of Jeffrey S. Sherbow PC
    2446 Orchard Lake Road
    Sylvan Lake MI 48320
    Phone: (248) 481-9362
    Fax: (248) 481-9406
    msw@sherbowlaw.com

*Attorneys for Plaintiffs*